IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-335-BO
No. 5:17-CV-385-BO

| | | |
|---|---|---|
| MELLENDEZ VERLEZ HARGROVE, | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 66]. The government has moved to dismiss the petition, [DE 70] and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On June 2, 2014, petitioner pleaded guilty, pursuant to a plea agreement, to possession of stolen firearms, in violation of 18 U.S.C. § 922(j). He was sentenced on September 4, 2014 to a term of 120 months' imprisonment, 3 years' supervised release, and a $100 special assessment. Petitioner appealed his judgment, but dismissed his appeal on October 9, 2014. Petitioner originally filed a § 2255 motion on July 5, 2016, and voluntarily dismissed his motion without prejudice on March 31, 2017. On July 24, 2017, petitioner filed the instant motion. He challenges the calculation of his advisory guideline range, arguing that in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), some of his previous convictions are no longer considered crimes of violence under the guidelines. The government moved to dismiss the motion, arguing that petitioner's motion is untimely and that *Mathis* does not provide him relief.

DISCUSSION

First, the government moves to dismiss on the grounds that petitioner's § 2255 motion was filed outside of the time for filing provided in 28 U.S.C. § 2255(f). A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final on the date of entry of judgment by the Court of Appeals granting his motion voluntarily dismiss his appeal. [DE 50]. That was October 9, 2014, and petitioner filed this motion on July 24, 2017, outside the one-year window provided by § 2255(f)(1).

*Mathis* also does not provide relief. Though it was decided on June 23, 2016, courts have held that *Mathis* did not announce a new rule of constitutional law that has been determined to be retroactive on collateral review. *See Stewart v. United States*, No. CR ELH-13-262, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (listing cases); *United States v. Taylor*, 672 Fed.Appx. 860, 864 (10th Cir. 2016). Thus, *Mathis* does not provide a basis for relief for petitioner or a basis on which to hold his § 2255 motion was timely filed. For these reasons, petitioner's petition must be dismissed.

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of the instant motions debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 70] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 66] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 30 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE